(No. 1669—

Standard Oil Company, Indiana, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed May 14, 1931.*

F. E. Packard and William E. O'Connor, for claimant.

Oscar E. Carlstrom, Attorney General; Carl I. Dietz, Assistant Attorney General, for respondent.

Mr. Justice Thomas delivered the opinion of the court:

This claim is for $56.90 motor fuel tax alleged to have been paid through mistake by claimant under the provisions of the Motor Fuel Act of 1927. Claimant was a licensed distributor of motor fuel and as such sold to the Red, White and Blue Oil Company 2845 gallons of motor fuel in August, 1927. In its September report to the Department of Finance it included this motor fuel and paid the tax thereon. The Red, White and Blue Oil Company, a licensed distributor of motor fuel, also included this same motor fuel in its report to the Department of Finance in September and paid the tax on it. The Red, White and Blue Oil Company refused to reimburse claimant for the tax and it has filed this claim to have the State refund the tax to it. It has been stipulated that the Red, White and Blue Oil Company was primarily liable for the payment of the tax and that the tax was paid by claimant "by mistake and through error," but the stipulation does not state whether the mistake was one of fact or of law. We think from the facts disclosed by the declaration, exhibits and stipulation that the tax was paid by claimant under the view that the provisions of the statute required it to pay the tax. There is no question but what claimant paid the tax voluntarily, and it is well settled that taxes voluntarily paid under a mistake of law cannot be recovered back. This principle of law has been many times announced by our Supreme Court. (*Metropolitan Life Ins. Co.* v. *Boys,* 296 Ill. 166; *Richardson Lubricating Co.* v. *Kinney,* 337 Ill. 122; *Illinois Merchants Trust Co.* v. *Harvey,* 335 Ill. 284.)

The claim is therefore denied and the case dismissed.